[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11656
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 5, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:02-cr-20299-FAM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 5, 2010)

Before BLACK, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Tracy Joseph appeals his 36-month sentence imposed after violation of his supervised release.[1] Joseph argues his sentence is substantively unreasonable because (1) it is not necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a); (2) it fails to take into account the nature of his offense, and the fact that he admitted his intervening conviction; and (3) it is 26 months, or 360 percent, above the high end of the Guideline range. After review, we affirm Joseph's sentence.[2]

"Pursuant to 18 U.S.C. § 3583(e), upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C. § 3553(a)." *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).

---

[1]Joseph previously pleaded guilty to one count of possession with intent to distribute marijuana while on board a motor vessel, in violation of 46 U.S.C. § 1903(j). The district court sentenced him to 14 months' imprisonment, followed by 36-months' supervised release for that offense. Thereafter, Joseph was convicted of illegal reentry after removal, in violation of 8 U.S.C. § 1326(a). The district court found that the subsequent conviction constituted a violation of Joseph's supervised release and imposed a revocation sentence of 36 months.

[2]We review sentences imposed upon the revocation of supervised release for an abuse of discretion. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). The party challenging the sentence has the burden of establishing that the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

A review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question. *United States v. Gonzales*, 550 F.3d 1319, 1324 (2008). The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2).[3] In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

If a district court decides the factors in § 3553(a) warrant a sentence outside the Guideline range, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Gall,* 552 U.S. 38, 50 (2007). "Although there is no proportionality principle in sentencing, a major variance does require a more

---

[3]This includes the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a).

significant justification than a minor one . . . ." *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (*en banc*). We have previously stated that a variance of 12 ½ years and 42 percent "is a 'major' variance in the legal parlance of sentencing law." *Id.* However, "quantifying [a] variance as a certain percentage of the maximum, minimum, or median prison sentence recommenced by the Guidelines" is unhelpful because "deviations from the Guidelines range will always appear more extreme . . . when the range itself is low." *Gall*, 552 U.S. at 48.

The district court did not abuse its discretion when it deviated from the Guideline range pursuant to the § 3553(a) factors. The record shows the court considered Joseph's arguments, weighed the § 3553(a) factors, and ultimately found an above-Guidelines sentence was appropriate based on the past nature of his conduct. The district court offered several reasons for its deviation, including Joseph's repeated illegal reentry into the United States and his failure to acknowledge his wrongdoing. Further, Joseph's claim that his sentence is unreasonably disproportionate based on the Guidelines range is without merit. *See Gall*, 552 U.S. at 48. Accordingly, we affirm Joseph's sentence.

**AFFIRMED**.